(50 Misc. Rep. 158)

### HUNTER v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Term. March 26, 1906.)

1. ANIMALS—INJURIES BY—ACTIONS.
    In actions for injuries sustained in consequence of a kick or bite of a vicious animal, the principles governing the ordinary negligence action have no application.
    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, §§ 228–241, 254–268.]

2. SAME—LIABILITY OF OWNER.
    One keeping with knowledge of its vicious propensities a dangerous animal incurs a prima facie liability for any injuries caused by it.
    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, §§ 223, 228, 268.]

3. SAME—ACTIONS—EVIDENCE—PRESUMPTION—REBUTTAL.
    • The presumption that one keeping with knowledge of its dangerous propensities a dangerous animal is liable for injuries caused by it can be rebutted only by proof that the injured party, with knowledge of the animal's evil propensities, wantonly excited it, or unnecessarily put himself in the animal's way.
    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, §§ 238–241, 262.]

Appeal from City Court of New York, Trial Term.

Action by Archibald A. Hunter against the Metropolitan Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Arthur K. Wing, for appellant.
R. L. Pritchard, for respondent.

O'GORMAN, J. In actions brought to recover damages for injuries sustained in consequence of the kick or bite of a vicious animal, the principles governing the ordinary negligence action have no application. Muller v. McKesson, 73 N. Y. 195, 29 Am. Rep. 123; Lynch v. McNally, 73 N. Y. 347; Id., 7 Daly, 128; Keenan v. Gutta Percha & Rubber Mfg. Co., 46 Hun, 544, affirmed 120 N. Y. 627, 24 N. E. 1096. One who keeps a dangerous animal with knowledge of its vicious propensities incurs a prima facie liability for any injury caused by it, and this presumption or prima facie case can be rebutted only by proof that the plaintiff, with knowledge of the evil propensities of the animal,

wantonly excited him, or voluntarily or unnecessarily put himself in the way of the animal. Cases supra. In such a case the act of the plaintiff will be deemed to be the proximate cause of his injury. The conduct imputed to the plaintiff would not bring him within this exception to the rule, but, even if the evidence in that respect justified its submission to the jury, the learned trial judge committed no error in his charge. The presumption against the defendant could be met only by credible evidence sufficiently strong to overcome the prima facie case, and this, in effect, is what the learned trial judge said to the jury. The allegations of contributory negligence which appear in the complaint were wholly unnecessary. They may be disregarded and treated as surplusage. The case was fairly submitted to the jury. The verdict is sustained, and should not be disturbed.

. Judgment affirmed, with costs. All concur.