No. 9455.

SCHAFFER ET AL. *v.* LOVELAND ET AL.

APPEAL AND ERROR—*Party Bound by Position Below.* Lease of lands, upon royalties, to one of two partners. The lease was under seal. The complaint alleged that it was executed for the use and benefit of both the partners, that both entered into possession of, and operated the premises, extracting the clay, upon which the royalties were payable, to a quantity specified. Evidence to establish these allegations was received without objection. The lease also was introduced without objection, and without any reference to it as a sealed writing. *Held* it was too late to contend, upon error, that in an action upon a covenant one not a party thereto cannot be made liable.

*Error to the Denver District Court, Hon. J. H. Denison, Judge.*

*Department One.*

Messrs. Short & Spaulding, for plaintiffs in error.

Mr. H. E. Luthe, for defendants in error.

Opinion by Mr. Justice Teller:

The plaintiffs in error were co-partners under the name of The Schaffer Clay and Coal Company, and were engaged in mining and shipping clay from land belonging to the defendants in error, and leased to Schaffer by an instrument in writing under seal.

The judgment now sought to be reversed was entered in an action by defendants in error against said firm for royalties on clay taken from said land.

The principal error urged is in the admission in evidence of the said lease against both defendants it being signed by only one of them and making no reference to the other. Authorities are cited to the effect that in an action on a covenant, under seal, no person not a party to the covenant, and not named in it, can be made liable on it.

It is conceded that, if the action were on a simple contract, the interest of an undisclosed principal might be shown; but the seal, it is contended, is effectual to prevent that result in this case.

Without determining what is the weight of authority on that question, it is sufficient to say that the rule invoked does not apply here.

This is not an action of covenant, but an action on the special facts of this case.

The complaint alleges a lease to the defendants; that the lease was executed to Schaffer for the use and benefit of said defendants as co-partners; that they entered into possession of the premises and worked the same by extracting clay therefrom in a quantity named.

Evidence to support these allegations was introduced without objection, and the objection to the lease itself did not include the fact that it was sealed.

It is now too late to inject into the case a question as to the effect of the seal on the admissibility of the lease in evidence.

The theory upon which the case was tried by both parties treated the lease as subject to the same rules as a simple contract and this court is not called upon to consider it on a different theory.

We find no error in the admission of the lease in evidence, or in the instructions, and the judgment is accordingly affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.

Decided November 3, 1919. Rehearing denied January 5, 1920.