No. 3164

Second Circuit

———

JAMES v. SCHUSTER

———

(December 21, 1927. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)
(May 7, 1928. Writ of Certiorari and
Review denied by Supreme Court.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625;
   Evidence—Par. 52, 351.**

The burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence the certainty of his cause of action, and where the issue of fact is left in doubt the finding of the trial court, rejecting the plaintiff's demand, will not be disturbed.

> Lazarus vs. Newman, 52 La. Ann. 1964, 28 So. 331; Payne vs. Reynolds, 164 La. —, 114 So. 153.

2. **Louisiana Digest—Negligence—Par. 25;
   Automobiles—Par. 7.**

Where the plaintiff himself was guilty of negligence at the time and place of an automobile accident he cannot recover in the absence of proof that the defendant's fault or negligence caused the accident.

> Foreman vs. Louisiana Western Ry. Co., 140 La. 389, 73 So. 242.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by Mrs. Mary James against Dave Schuster.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

John B. Johnson; Vernis ° Morgan, of Shreveport; J. M. Munholland and Stubbs & Thompson, of Monroe, attorneys for plaintiff, appellant.

Barnett & Roberts, and Crain, Jackson & Johnson, of Shreveport, attorneys for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sues to recover damages for the death of her husband caused by his being struck by an automobile being driven by the defendant.

She alleges that his death was caused by the carelessness, recklessness and negligence of the defendant.

Defendant denied liability and especially alleged that he was not careless, reckless or negligent at the time of the accident and that plaintiff's husband met his death solely as the result of his own carelessness and negligence.

On these issues the case was tried, and there was judgment rejecting plaintiff's demand and dismissing her suit, and she appealed.

OPINION

Plaintiff's husband was traveling in an automobile at night over the Dixie-Overland Highway from Minden to Monroe, and the tire on the rear wheel on the left hand side of the car being punctured, the car was stopped, · with its headlights burning brightly, about six or eight feet from the edge of the highway on its right hand side looking in the direction in which he was traveling, a few miles west of the town of Ruston, and plaintiff's husband and Tony Katz, who was in the car with him, got out for the purpose of replacing the defective tire with a good one, and while they were · so engaged an automobile be-

ing driven by defendant in the direction opposite to that in which plaintiff's husband was going, passed by on the right hand side of the highway, facing west, and in some way plaintiff's husband was struck and killed by defendant's automobile.

There is no evidence in the record tending to show that defendant's automobile was being driven negligently or carelessly. The weight of the evidence is to the effect that it was being driven at from twenty to thirty miles per hour and on the right hand side of the road in the direction in which it was moving and that defendant and his cousin, A. Walberg, who was in the car with him, were keping a vigilant lookout ahead of them on the road and that there was a space of about fourteen feet between the edge of the parked car and the right hand side of the road in the direction in which defendant was traveling, so that defendant had ample room in which to pass the parked car and therefore cannot be said to have been negligent in driving through this unoccupied space.

Plaintiff's husband was negligent in undertaking to replace the tire on his car at night near the center of the highway on the left hand side of the car in the direction in which he was moving and behind the brightly shining headlights of his car.

But whether or not plaintiff's husband's negligence contributed to the accident, the fact remains that there is no evidence in the record tending to show negligence on the part of the defendant. The District Judge, who heard and saw the witnesses testify, so held on this issue of fact, and a careful reading of the evidence convinces us that his finding is right.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.