No. 12,292.

CARLBERG *v.* WILLMOTT.

(287 Pac. 863)

Decided May 5, 1930.

Mr. Louis B. Reed, Mr. Arthur E. Healey, for plaintiff in error.

Mr. J. Paul Hill, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

John Carlberg, plaintiff in error, will hereinafter be referred to as defendant, and Joe Willmott, defendant in error, as plaintiff.

The plaintiff began his action in a justice of the peace court to recover damages in the sum of $250, for which amount, upon verdict of the jury, judgment was entered in his favor. The defendant appealed to the county court, where, upon verdict of the jury, a judgment was entered in plaintiff's favor for the sum of $150, to review which this writ of error is prosecuted. The three assignments of error requiring our attention may be classified as follows: (1) Proof insufficient to establish negligence; (2) refusal to give a tendered instruction, and giving a certain other instruction; (3) improper verdict.

The testimony of the plaintiff and his witnesses was substantially as follows: The plaintiff lived on a farm near Hudson, Colorado, where he kept a herd of milch cows; a white bulldog was seen chasing and worrying the cows, and, upon examination, it was found that one of

them had an ugly abrasion on her head, from which rabies developed, resulting in her death; the reasonable value of this cow was $150; upon the discovery of the infectious disease in the injured cow, plaintiff had his entire herd vaccinated at a cost of $100; some time prior to the events just related, the board of trustees of Hudson had been informed, through its town physician, that rabies was prevalent in the town; they immediately met in emergency session, and caused printed warning notices to be distributed among the inhabitants of Hudson and vicinity, notifying them that all dogs must be securely and safely restrained, under penalty of having the animals shot; the defendant, in addition to receiving the printed warning, had been orally notified by the officer of the town; the white bulldog seen chasing and worrying the plaintiff's cows, belonged to the defendant, and, when shot, a medical examination disclosed the presence of rabies; notwithstanding the written and oral warnings, the defendant's dog was seen loose and at large in the town of Hudson.

The defendant testified substantially as follows: That he had received the oral and printed warnings, and, in compliance therewith, had immediately chained his white bulldog securely in the back yard; that on the evening before the cow was bitten he returned home about nine o'clock, and noticed the dog was gone; that the dog was loosed by someone unknown to him; that if the dog was ever at large before this time, it was loosed by a small neighbor boy who was wont to play with it. Defendant and other witnesses testified that the cow was worth not to exceed $90.

Counsel for the defendant assert that the case was tried in the courts below upon the theory of the defendant's negligence, while plaintiff's counsel endeavor to support the judgment on the theory of negligence; the common-law liability of the owner of a dog for damages done by it, or upon our statute (sec. 3152, C. L. 1921). An examination of the entire record convinces us that the

case was presented and tried upon the theory of the defendant's negligence, and plaintiff will be confined to that theory here. *Mercantile Co. v. Bank,* 83 Colo. 193, 203, 265 Pac. 682; *Schaffer v. Loveland,* 67 Colo. 454, 456, 186 Pac. 532.

1. It is the defendant's contention that before judgment can be entered against him, the plaintiff must prove that defendant owed him a duty, which was breached, and that the breach was the proximate cause of the damage. We will assume, for the purpose of this opinion, that this is a correct statement of the law, and yet we cannot reverse the case for failure of proof. The defendant, according to his testimony, recognized his duty to the plaintiff under the circumstances, and kept his dog securely chained, so that in event it developed rabies, no harm could be done. He will not be heard to say that rabies was not present in Hudson and vicinity, to his knowledge, for only upon this assumption can his conduct be reconciled, nor will he be heard to say that his dog had not been or might not become infected with this dread disease, else why the precautions, which he claimed to have taken? The defendant's conduct was the recognition of the duty which he owed the plaintiff, and which, in fact, the law imposes.

When circumstances are such that reasonably prudent men in a community have reason to believe that rabies is present, and this fact is brought to the attention of the owner of a dog therein, and he knows, or as a reasonably prudent man should know, that his dog has been, or might have been, exposed to this dread disease, in time to kill or restrain it, so that no injury might result to others, in case the disease develops, he becomes liable for all damages by reason of injuries inflicted by the dog while rabid. Under the circumstances, the keeping of the dog is negligence. The question of the liability of the owner of a rabid dog has never been before this court for determination, but the principle upon which this case rests, and the reasoning in the case of *Mel-*

*sheimer v. Sullivan,* 1 Colo. App. 22, 27 Pac. 17, is equally applicable to all the facts in this case, and the decision therein announced is a correct statement of the law.

2. The defendant objected and excepted to the giving of instruction No. 6, reading as follows:

"You are instructed that if you find from the evidence that the defendant had reason to even suspect that his dog might be inflicted with rabies, that it thereupon became his duty to use every precaution to prevent the animal from inflicting an injury on any creature, and upon the failure of the defendant to use every precaution, and you find from the evidence that the defendant's dog got away from the custody of the defendant because of his failure to use due precaution and such dog bit the cow of plaintiff and caused the injury complained of, then and in that event your verdict shall be for the plaintiff in such sum as you may find due, not to exceed $250.00."

The objection to the giving of the instruction is as follows: "The defendant objects to the giving of instruction No. 6 by the court as offered by the plaintiff for the reason that it assumes a condition of fact existing in the case which is absent therefrom upon which the law is made to apply."

The objection is not in compliance with rule 7, of the rules of the Supreme Court of Colorado, 1929, and will therefore not be considered. We do not wish to be considered as approving this instruction as a model to be followed by the profession in the trial of cases similar to the one under consideration.

The defendant also tendered his instruction No. 1, to be given by the court instead of its instruction No. 6. We do not consider this instruction proper, because it is not in compliance with our determination of the duty owed by the owner of a dog to those who may become injured by reason of his diseased condition.

3. It is urged that the court erred in submitting, in one instruction, the question of damages for the loss

of the cow, and damages for the vaccination of the herd, instead of separately submitting these items for the jury's determination. No request for such submission was made, no objection to the form of verdict was interposed, no forms of verdict which the defendant considered proper were submitted, and the error, if any was committed, we decline to consider.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.