## FINE v. HILLER.
### No. 14410.

Court of Appeal of Louisiana. Orleans.

Feb. 13, 1933.

Rehearing Denied Feb. 27, 1933..

Benjamin Y. Wolf, of New Orleans, for appellant.

Weiss, Yarrut & Stich, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff brought this action to recover damages for personal injuries, medical expenses, etc., said to have resulted from two of the defendant's Eskimo Spitz female dogs jumping upon plaintiff, knocking him down, bitting his leg, and tearing his trousers, on May 24, 1932, about 7 o'clock p. m., on Jefferson avenue near the intersection of St. Charles avenue.

The petition alleges that the dogs were of a vicious temperament, and in the habit of jumping upon people as they passed on the sidewalk, and that defendant had full knowledge of the vicious propensities of the dogs and failed to keep them confined in his yard.

Defendant filed a general denial.

There was judgment in favor of the defendant dismissing plaintiff's suit, and plaintiff has appealed.

Plaintiff testified that on the evening in question he was walking on the sidewalk of Jefferson avenue towards St. Charles avenue, and, when he reached a point in front of the defendant's residence, defendant clapped his hands and the two Spitz dogs ran towards the plaintiff, jumped on him, knocked him down, and bit him and tore the right leg of his trousers.

Defendant and his wife testified that at the time in question she was sitting on the front porch and he was standing in the front gate; that it was customary for him to let the dogs roam on the sidewalk every evening for several minutes to take exercise; that he clapped his hands for the purpose-of calling the dogs in, and that, in obedience to his wishes, the dogs ran towards the front gate; that the plaintiff was passing the gate at the time, and, as the dogs approached, he kicked at them and lost his balance and fell; that the dogs barked at the plaintiff after he kicked at them, but that they did not see the dogs bite him; that the dogs were of a kindly and gentle disposition, and showed no inclination to be vicious on any occasion; that their daughter, age ten years, played with them; and that they were permitted to roam over the entire house and yard of defendant.

Defendant also produced as witnesses the following persons: Mr. J. P. Margiotta, special officer of the Society for Prevention of Cruelty to Animals, who examined the dogs at defendant's residence some time in June, and he testified that he petted and fondled the dogs, and that they were of a gentle and kindly disposition; Dr. O. D. Chapman, a veterinarian, who testified that he attended to the dogs when they were sick and gave them serum and clipped them in the spring, and that on all occasions when they came under his observation he found them to be gentle and without any vicious propensities whatsoever; Mr. Seiferth, an architect of this city and a friend of defendant, who testified that he visited defendant's home and permitted his two children, ages five and ten, respectively, to play with the dogs, which had the liberty of the entire premises of defendant; that the dogs were of a gentle and kind disposition, and showed no disposition to bark at, jump upon, or bite any one.

Assuming that the plaintiff was injured as a result of the dogs causing him to fall or actually biting him, a view most favorable to the plaintiff, but without deciding that issue, we shall first consider the defense that the dogs were of a kind and gentle disposition.

The defendant concedes that the burden rests upon him, as the owner of the dogs, to prove that they were of a gentle and kind-

ly disposition, and had at no time previous to the alleged attack upon the plaintiff exhibited any vicious propensities, such as jumping upon people, barking at them, or attempting to bite them. Defendant contends that he has borne the burden of proof placed upon him by law, and plaintiff argues that the proof offered by defendant is inadequate, since none of the neighbors was produced to show whether the dogs were of a kind or vicious disposition.

In his written reasons for judgment, the trial court found that the defendant had shown, by a preponderance of the evidence, that the dogs were of a gentle disposition, and had never, previous to the time in question, shown any vicious tendencies toward people. After a careful study and reading of the record, we believe the finding of our learned brother below is correct, and therefore the defendant was free from fault, and plaintiff is not entitled to recover. Manuel v. Young, 10 La. App. 112, 119 So. 555; Peyronnin v. Riley, 15 La. App. 393, 132 So. 235; Montgomery v. Koester, 35 La. Ann. 1093, 48 Am. Rep. 253; Martínez v. Bernhard, 106 La. 368, 30 So. 901, 55 L. R. A. 671, 87 Am. St. Rep. 306; Rev. Civ. Code, art. 2321.

But, says counsel for plaintiff, the defendant admits that he clapped his hands for the purpose of calling the dogs at a time when the plaintiff was passing, and, consequently this was an act of negligence on his part because, as an ordinarily prudent person, he must have known that it would bring the dogs in contact with the plaintiff, citing Mercer v. Marston, 3 La. App. 97. We do not believe that the defendant was at fault in calling the dogs because he would have no reason to believe that the dogs would jump upon, knock down, and bite the plaintiff, as they had never previously shown any disposition to do such a thing. In the cited case a colored woman sued for damages for personal injuries resulting from a fall to the concrete sidewalk in front of defendant's residence, as a result of two dogs barking and jumping at her as she passed. The court found that the owner had knowledge of these propensities in the dogs, and stated it was unnecessary to determine whether the dogs were merely playful or vicious, because their conduct was such as to cause a person to become frightened, and therefore the owner was liable.

It is regrettable that the plaintiff was badly frightened, injured, and suffered a loss both in medical expenses and damage to his clothing, but the case falls within the category or rule "damnum absque injuria."

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.