## YOUNG v. BLAUM.
### No. 14382.
Court of Appeal of Louisiana. Orleans.
Feb. 27, 1933.

Walter M. Barnett, Jr., of New Orleans, for appellant.

Spearing & McClendon, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit to recover damages for personal injuries said to have resulted from the defendant's goat butting the plaintiff on the right knee, knocking her down, and causing a comminuted fracture through the outer portion of the upper table of the right tibia involving the joint. The petition alleged that plaintiff rented a room in the premises 2219 Phillip street from the defendant; that on April 28, 1932, about 6 o'clock p. m. the defendant's large and vicious male goat, which he kept chained in the yard of the premises which plaintiff rented, broke loose and killed a smaller goat; that she immediately went to defendant's home on Jackson avenue and notified him of the goat's conduct, and that he sent his yardman with her for the purpose of removing the goat from the premises; that, as she entered the yard of her residence, the vicious animal, without any warning, charged upon her and butted her on the right knee, causing her to be thrown violently to the ground, where the animal continued to attack her; that the yardman stood complacently by and made no attempt to rescue her; that she was rescued by a woman neighbor who belabored the goat with a stick until it ran under the house; that on the following day the defendant had the Louisiana Society for the Prevention of Cruelty to Animals destroy the goat; that she was subsequently taken to the Charity Hospital for treatment; and that prior to the time of the attack defendant knew that the goat was of an unruly and vicious disposition. She prays for damages for permanent injuries.

Defendant answered denying that the goat attacked plaintiff or caused her any injury and that it possessed a vicious nature, and

averred that the goat was of a gentle disposition, and, in the alternative. if the court found that defendant was at fault, that plaintiff was guilty of contributory negligence in going into the yard after being fully aware of the fact that the goat had become violent, subjecting herself to an unnecessary risk or danger.

There was judgment in favor of defendant dismissing plaintiff's suit, and she has appealed.

The record shows that defendant lived on Jackson avenue; that he owned the premises 2219 Phillip street; that he purchased three goats for his boys and kept them in the yard of his residence for about a year and a half, and then moved them to the back yard of the premises 2219 Phillip street; that the premises were rented as a negro tenement; that the plaintiff occupied a room which directly led into the yard where the goats were confined; that there was a small shed built of tin under the stairway in the yard where the large goat was kept; and that the goat had been at the premises 2219 Phillip street about six or eight months prior to the time of the alleged attack.

■ Plaintiff first contends that male goats in general are vicious and dangerous animals, quite unlike female goats and other domestic animals, and therefore constitute such potential danger that owners should be held responsible for any damage resulting from an attack upon a person regardless of any previous showing of viciousness. Her counsel argues that, while the male goat may not come under the classification of animals "feræ naturæ," such as a bear or a lion or a tiger, it should not be classified as an ordinary domestic animal such as a dog, horse, or cow. His argument apparently suggests a third classification for such animals. This point is predicated upon the testimony of Dr. Chapman, a veterinarian, who stated that, while a male goat is generally considered as a domestic animal, he considers it of a mean and tricky temperament unlike the female goat, which is docile and quiet, and that this is particularly true when the goat is confined. Counsel has not cited any authority to the effect that there is a third classification of animals such as he contends for, and a careful reading of Dr. Chapman's testimony fails to convince us that a male goat is of such a vicious or ferocious nature as to make it proper to say that an owner of such an animal harbors it at his peril. It is our opinion that a male goat falls into the category of domestic animals, and the owner is responsible in damages caused by it only where he has previous knowledge of its vicious propensities.

Plaintiff secondly contends that the finding of the trial judge was manifestly erroneous in holding that the previous behavior of the goat did not constitute sufficient warning to its owner to apprise him of its dangerous character. The evidence on this issue is hopelessly in conflict. The plaintiff and her witnesses, who were neighbors and friends, testified that the goat was kept in a small pen and sometimes chained; that it constantly butted the tin walls of the pen, causing a lot of noise, particularly at night; that on several occasions it butted down the door and escaped into the yard, where it would fight with the other goats; that, when defendant's son attempted to harness the goat, it was necessary for him to administer a severe beating before subduing the goat; and that during the afternoon of the day when plaintiff was injured the goat had butted a smaller one into a large hole filled with water, under the house, causing it to drown. Plaintiff testified that the defendant was apprised of the goat's bad habit of butting and particularly that it had caused the death of the smaller goat before it injured her.

The defendant and his witnesses, who were also neighbors and friends, testified that the goat was of a gentle disposition; that plaintiff frequently fed the goat; that it was confined to prevent it from roaming and going astray; that defendant's son harnessed it to a wagon and drove himself and several children around; that a 4 year old daughter of one of the neighbors rode around on its back; that it had never harmed or attempted to harm any one; and no complaint had ever been made up to the time of the plaintiff's alleged injury.

The trial court, in its reasons for judgment, stated:

"Plaintiff says she was attacked by defendant's goat. It must appear that the goat was of such a character and behavior previous to the accident as to have warned his owner that he was dangerous, in order to render him liable. The evidence is that up to the time of the accident the goat was of a gentle, amiable character; that children in the neighborhood played with him; that a baby girl child of one of the neighbors rode on his back; and there was nothing in his behavior to indicate to any of these people that he was liable to attack anybody.

"Since there is a failure of proof of the dangerous character of the animal before the accident, the plaintiff's case must fail. So there is judgment for defendant."

■ In our opinion the preponderance of the evidence shows that the goat was of a gentle disposition, at least up to the time of the alleged injury, and therefore the defendant is not liable on this ground. Perez-Sandi v. Berges, 12 La. App. 191, 125 So. 185; Mercer v. Marston, 3 La. App. 97; Bentz v. Page, 115 La. 560, 39 So. 599; Manuel v. Young, 10 La. App. 112, 119 So. 555; Damonte v. Patton, 118 La. 530, 43 So. 153, 8 L.

R. A. (N. S.) 209, 118 Am. St. Rep. 384, 10 Ann. Cas. 862; Peyronnin v. Riley, 15 La. App. 393, 132 So. 235; Fine v. Hiller (La. App.) 146 So. 50, decided February 13th, 1933.

■■ Plaintiff finally contends that defendant is liable as a landlord who deliberately placed on his tenant's premises a dangerous animal which injured her, the law imposing upon the lessor the obligation of protecting the lessee against vices and defects in the premises and also to keep his tenant in peaceful possession thereof, citing article 2292, Revised Civil Code; Viterbo v. Friedlander, 120 U. S. 707, 7 S. Ct. 962, 30 L. Ed. 776; Keenan v. Flanigan, 157 La. 749, 103 So. 30, 38 A. L. R. 248; Keenan v. Legardeur, 5 La. App. 266; Melsheimer v. Sullivan, 1 Colo. App. 22, 27 P. 17; Hunter v. Metropolitan Express, 50 Misc. 158, 98 N. Y. S. 234; Gooding v. Chutes, 155 Cal. 620, 102 P. 819, 23 L. R. A. (N. S.) 1071, 8 Ann. Cas. 671. The evidence shows that the goat was placed on the premises with the plaintiff's consent, and that she never requested the defendant to remove it.

The law is clear that a landlord is liable in damages to a tenant or any one lawfully on the premises who is injured as a result of a vice or defect therein. It is also well settled that an owner who harbors an animal when he knows of its vicious propensities is also responsible to a party injured by the animal, but we do not believe that a landlord should be held responsible in damages to a tenant or any one lawfully on the premises as a result of an injury sustained through a domestic animal when the landlord did not know and had no reason to believe that the animal was of an unruly and bad disposition. Counsel frankly tells the court that he has no case in point, and, in the absence of such a decision supporting his contention, we are of the opinion that the judgment of the trial court is correct.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.