BAILES, Judge.
This is a tort action in which plaintiff, individually and as administrator of the estate of his minor daughter, Dara Lynn Cabaness, sued defendants, Anthony Mas-carella and his comprehensive liability insurer, The Employers’ Fire Insurance Company, for damages arising from an attack on the person of the child by a dog belonging to defendant, Mascarella. The judge a quo determined that under the facts defendants were not legally liable and rendered judgment rejecting the plaintiff’s demands at his costs. After our detailed and careful examination of the record, we have concluded that the judgment of the trial court is correct, and we affirm its judgment.
There appears little or no dispute about the facts. It appears that the little daughter, at the time of the attack, was about three years and three months old. The only witness to the attack was the maternal grandmother. On the afternoon of April 23, 1965, the child, together with the maternal grandmother and grandfather, were visiting at the home of her greatgrandfather. This residence was across the street from the home of the defendant, Anthony Masca-rella. The grandmother had taken Dara Lynn to the backyard so the latter could play outdoors. As the child was playing, the grandmother was seated on the back-steps about ten feet away, and had not previously seen the attacking dog on the premises. As Mrs. Barcelona, the grandmother, was watching her little granddaughter, she saw the dog in question suddenly approach the little girl from the rear, push her down and make a vicious assault to her face and head. Upon seeing this occur, she related she screamed at the dog and ran toward the child, whereupon the dog ran away. She testified she picked up her granddaughter. in her arms and ran into the house. She «was met at the door by her husband who was attracted by her scream. They immediately took Dara Lynn to the nearby office of a physician where her wounds were administered to, cleaned, sutured and bandaged.
There is no proof in the record, and no contention is made by the plaintiff that this dog had bitten any other person before. Plaintiff’s position is that it is well established that it is not necessary to show that the dog had previously bitten, but that in this case the only issue for determination being whether the owner or harborer of the dog knew or should have known, as a result of the prior actions of the dog, that it was of such a temperament that he would probably cause injury to someone. Plaintiff urged this same position before the trial court. *
The plaintiff, in his brief, states that the trial court erred in sustaining the defendant’s contention that he had no knowledge, either actually or constructively, of the vicious propensities of his dog, since the evidence, referring to defendant Masca-rella’s testimony and that of Deputy Sheriffs Rainwater and Kennedy, which we will discuss infra, indicates that the defendant had such knowledge or should have had such knowledge of the vicious nature of his dog. While he does not detail this as a specification of error, in his brief, plaintiff strenuously urges us that the burden of proof is on the defendant to prove that he is free from fault and that the owner of the dog has the burden of exculpating himself of even the slightest degree of negligence, and that the defendant failed to discharge this burden.
First, examining and stating the general law on the question of liability of the owner or harborer of an animal, we find LSA-C.C. Article 2321, provides:
*914 “The owner of an animal is answerable for the damage he has caused; but if the animal has been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment.”
In interpretation of the above quoted article, we find in the case of Delisle v. Bourriaque (1901) 105 La. 77, 29 So. 731, 54 L.R.A. 420, the court said that:
“ * * * Article 2321 of the Revised Civil Code * * * is founded upon the presumption that the fault is chargeable to the owner of the animal that caused the damage, or to the person in whose use or under whose care it was at the time of the accident; and that presumption can be made to give way only in the presence of proof either of an unforeseen event or by the imprudence of the one injured. 3 Fuzier-Herman, p. 905, No. 37. The French commentators have approvingly referred to this view. From 20 Laurent, p. 675, we quote: ‘That is to say, that there is no responsibility when there is no fault; the one to whom the damage is imputable should be permitted to prove that he was not at all at fault. But it is only needful to prove the lightest fault (culpa levis) to hold the owner responsible.’ * * *. ”
From the above statement of in-interpretation, we are constrained to conclude that there is liability on the owner of an animal which causes a person damage, unless as to the owner the occurrence which brought about the damage was an unforeseen event or occasioned through the fault or imprudence of the one injured. If there had been some occurrence or incident in the past, as in the case of a dog, it had attacked or bitten or had displayed a vicious or ferocious disposition of, or was inclined to, untoward behavior such as to negate the failure to foresee the event, in such case the owner is liable.
In Marsalis v. LaSalle (1957) La. App., 94 So.2d 120, stated:
“The law applicable to the owning and harboring of domestic animals and the liability of the owner or harborer thereof is well settled to the effect that when such animal suddenly and without prior warning displays a vicious nature, the owner or harborer is not liable in damages. But if in the past there has been any occurrence which is sufficient to have given notice that the animal is vicious or dangerous, then there is liability in the owner or harborer for such damage as may be caused by the animal. * * *. ”
In Mercer v. Marston (1925) 3 La.App. 97, after quoting various cases in the jurisprudence of this state, the court said on page 100:
“Under this Louisiana jurisprudence, we think the following doctrines are settled: That the owner of an animal is responsible for the damage it causes if he is guilty of the slightest fault or negligence, but may rebut the presumption by contrary proof. Though, according to some of the French commentators, he is limited to this rebuttal to showing vis major or contributory negligence on the part of the party injured, it would seem that, according to Justice Breaux’s opinion in the Martinez case [Martinez v. Bernhard, 106 La. 368, 30 So. 901], supra, that in the case of an animal that had given no previous reason to suspect that it would do injury, this fact would be sufficient to rebut the presumption of fault or negligence.
* *****
“Considering these articles, (referring to LSA-C.C. Articles 2315, 2316 and 2321) together, it is clear that liability rests on two bases, namely:
1. Injury by an animal; and
*915 2. Fault or negligence on the part of the owner.”
From the law and jurisprudence of this state, for liability to attach to the defendants herein, it must be found that the defendant, Mascarella, either knew or should have known he was the owner or harborer of a dangerous or noxious animal.
As stated supra, plaintiff’s position is that by the admissions of Anthony Masca-rella, defendant, to Deputy Sheriffs Rainwater and Kennedy he knew of the vicious propensities of this mixed breed dog. The substance of the testimony of these two officers is that they arrived at defendant’s home at about eleven p. m., on the night following the attack that afternoon, and that as they, accompanied by Mr. Masca-rella, approached the place where the dog was penned, Mr. Mascarella told them not to get too close to the dog because it might bite. Mr. Rainwater testified he got no closer than eight feet and the dog made no move toward him. Mr. Kennedy testified he got as close as two feet of the pen and that the dog “grumbled” at him. He testified also that Mr. Mascarella stated the dog would bite if he was fooled with while eating. Plaintiff urges that he had knowledge of the viciousness of the dog because of his testimony that the dog would try to bite if one picked ticks off him, or if his ear or tail is squeezed. We believe that none of these described actions of the dog displays a viciousness or ferociousness such as to put the defendant on notice that he was an owner or harborer of a bad or dangerous dog. His statements or words of caution to the officers likely was prompted by his knowledge of what had transpired that afternoon.
The plaintiff contends that the burden of proof is on the defendant to show that he had no knowledge of the dangerous temperament or disposition of the dog. The plaintiff relies on the cases of Bentz v. Page (1905) 115 La. 560, 39 So. 599; Peyronnin v. Riley (1931) 15 La.App. 393, 132 So. 235; Fine v. Hiller (1933) La.App., 146 So. 50; Woulfe v. D’Antoni (1935) La.App., 158 So. 394; Marsh v. Snyder (1959) La.App., 113 So.2d 5; Espinosa v. Hill (1962) La.App., 138 So.2d 12; Kennedy v. Frierson (1962) La.App., 142 So.2d 838 to sustain this position. It is quite true that the above cited cases, as well as a number of others which our research discloses, state that the burden of proving freedom from fault is placed upon the owner or harborer of the animal.
The defendants, on the other hand, contend that the plaintiff has the burden of proving all the necessary elements of his case, and relies on the following statement from the case of Tamburello v. Jaeger (1965) La.App., 176 So.2d 707:
“There is no presumption that domestic animals are dangerous to man or that an animal which injures another was known to its owner to be dangerous. This must be proven. It is not enough that there be a potential danger, but there must be a propensity, that is, a natural inclination to be dangerous; a proneness toward behavior not consistent with normal or expected behavior likely to cause injury. The existence of this propensity is what we must look for in the instant case.”
On the trial of the case, the deposition of Anthony Mascarello, defendant, was filed in evidence. While it does consist, in part, of inconsistencies and the denial of statements other witnesses testified that he made regarding admonitions to Deputy Sheriffs Rainwater and Kennedy not to approach too close to the dog because he might bite, his deposition taken as a whole, and considered in the light of his inability to speak English plainly, convinces us that he had no prior knowledge that, without provocation, the dog would attack or bite a person. He related that his grandchildren played with the dog, and that he always cautioned them not to pull his ears or tail. Mr. Joseph Mascarella, son of the defendant, testified that he visited his father’s home several times a week; that he had *916 observed small children playing with the dog and that to his knowledge the dog had never bitten anyone; and that he had never been told that the dog had ever tried to bite anyone. It was stipulation that this witness’ wife’s testimony would be essentially the same as that elicited from Mr. Joseph Mascarella.
Another witness, Johnny J. Barcelona, a policeman on the Baton Rouge police force, testified that he lives next door to the defendant; that he had known the dog for six years; that he had never known of the dog biting anyone before this occasion; that his two children, nine and eleven years of age, play with the dog. He testified that the dog goes about the neighborhood and has never before acted like a vicious dog.
Additionally, the testimony of the employee of the Society for Prevention of Cruelty to Animals who picked up and impounded the dog for the required length of time shows that he had no difficulty whatever with the dog. He testified that the dog did not attempt to bite him, and in fact when he arrived at his office and as he took him to the pound, the dog licked him on the ear.
The weight of the majority of the jurisprudence of this state places on the defendant the burden of exculpating himself of even the slightest degree of negligence in owning and/or harboring an animal possessing vicious propensities to do harm to another. We believe the evidence herein shows and proves that the defendant, Anthony Mascarella, was not guilty of any negligence in owning, possessing and harboring this dog for there was a total lacking or absence of any warning to him of its dangerous nature.
If it should be considered, as inferred by the Court of Appeal, Fourth Circuit, in the case of Tamburello v. Jaeger, supra, that the plaintiff has the burden of proving the owner or harborer of the dog had knowledge that the animal was dangerous, we find that the plaintiff has failed to discharge this burden.
For the foregoing reasons, the judgment of the trial court rejecting the plaintiff’s demands, at his cost, is affirmed. Appellant to pay the cost of this appeal.
Affirmed.