381 So.2d 913 (1980)
Benton SMITH, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellant.
No. 7476.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
Ryder & Deshotels by Errol D. Deshotels, Oberlin, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellant.
Before CUTRER, STOKER and LABORDE, JJ.
CUTRER, Judge.
This is a suit for benefits under a homeowner's insurance policy. Plaintiff, Benton Smith, alleges that his swimming pool was damaged when his cow fell into the pool. Defendant, State Farm Fire & Casualty Company (State Farm), denies coverage under the policy provision which excluded coverage of damages inflicted by "domestic animals."
From a judgment in favor of the plaintiff awarding $2,159.89, defendant appeals.
The issue presented is whether the term "domestic animal," as used in the exclusionary clause of the policy, is ambiguous.
The record reveals that Smith, a farmer, purchased the cow (a 300 pound heifer) about two months before the incident which occurred February 8, 1979. He testified that he had purchased the cow to restock his herd. Smith testified that the cow was grazing in the pasture around his home at the time of the incident. Smith stated that this was an ordinary, gentle range cow.
On the day of the incident, Smith found the cow had fallen through the cover, causing damage to the cover and the lining of the pool. State Farm denied coverage and this suit followed.
In its brief reasons for judgment, the trial court stated as follows:
"... Coverage was denied under the policy provision which excludes damages done by `domestic animals'. As pointed out by plaintiff's counsel the emphasis must be placed upon the adjective `domestic' rather than the word `animal'. Obviously not all animals are excluded. Counsel for defendant urges that the word `domestic' is synonymous with the word `domesticated'. Counsel for plaintiff *914 on the other hand urges that `domestic' must mean household pets, because to exclude all `domesticated animals' would eliminate all but wild animals which in a modern society could hardly inflict damage to a home.

"The policy provisions being somewhat ambiguous, it is therefore resolved in favor of the insured. . . ."
We disagree with the trial court's conclusion that the policy exclusion was ambiguous. The homeowner's policy provides, in pertinent part, as follows:
"This policy insures under:
"COVERAGE ADWELLING against all risks of physical loss to the property covered (and under COVERAGE C, ADDITIONAL LIVING EXPENSE resulting from such loss), EXCEPT AS OTHERWISE EXCLUDED OR LIMITED."
The exclusion clause reads as follows:
"This policy does not insure against loss:
* * * * * *
"UNDER COVERAGES A AND C:

"1. BY WEAR AND TEAR; MARRING OR SCRATCHINGS; DETERIORATION; INHERENT VICE; LATENT DEFECT; MECHANICAL BREAKDOWN; RUST; MOLD; WET OR DRY ROT; CONTAMINATION; SMOG; SMOKE FROM AGRICULTURAL SMUDGING OR INDUSTRIAL OPERATIONS; SETTLING, CRACKING, SHRINKAGE, BULGING OR EXPANSION OF PAVEMENTS, PATIOS, FOUNDATIONS, WALLS, FLOOR, ROOFS OR CEILINGS; BIRDS, VERMIN, RODENTS, INSECTS OR DOMESTIC ANIMALS; * * *" (Emphasis added)

Definitions of the words "domestic animals" and any "domesticated animal" are set forth in 4 Am.Jur.2nd 250 § 1, which states as follows:
"The words `domestic animals' and `any domesticated animal' are not technical words which have acquired a peculiar and appropriate meaning in law, and are therefore to be construed according to the common and approved usage of the language. In ordinary speech, sanctioned as well by the dictionaries, the word `domestic' means belonging to the home or household, and the word `domesticated' means made domestic or converted to domestic use. Where descriptive of the word `animals,' these terms in general usage carry the meaning of `tamed,' `associated with family life,' or `accustomed to live in or near the habitations of men.'"
The jurisprudence classifies animals into two categories: wild and domestic. In the case of Granger v. United States Fidelity & Guaranty Co., 266 So.2d 526 (La.App.3rd Cir. 1972), this court stated as follows:
"Cases relating to injuries caused by animals are generally divided into two categories, according to the nature of the animals. One category includes wild or undomesticated animals, such as lions, tigers, wolves, etc. .... The second category embraces animals which have been domesticated, such as horses, cattle, sheep, dogs, etc. ...."
Other cases pertaining to classification of animals are: Durham v. Barnes, 124 So.2d 792 (La.App.2nd Cir. 1960), a horse was classified as a "domestic animal"; Marsh v. Snyder, 113 So.2d 5 (La.App.Orl. 1959), the court held that domestic or tame animals are those "which have been domesticated by man for centuries, such as horses, sheep, goats, cows and dogs . . ." (emphasis added); and Young v. Blaum, 146 So. 168 (La.App.Orl. 1933), the court found that a male goat falls into the category of "domestic animals."
Applying the above guidelines to the term "domestic animals" we conclude that the term is free of ambiguity. The word "domestic", when used as a descriptive of the word "animals," means, in its general usage, a tamed animal as distinguished from a wild animal. Tame animals are those which are naturally tame and gentle, or which, by long continued association with man, have become thoroughly domesticated and are reduced to a state of subjection to man's will. Included within this definition *915 of "domestic animals" are such animals as horses, sheep, goats, cows, pigs, poultry, and all other animals which live in association with man. Granger v. United States Fidelity & Guaranty Co., supra; Marsh v. Snyder, supra; Young v. Blaum, supra; and 4 Am.Jur.2d, 251 § 1 and § 2.
The trial court's reasons for finding ambiguity in the policy exclusion is seemingly based upon a conclusion that the term "domestic animals" includes two classifications; those which are "household pets" and those which are "domesticated" but not "household pets." The plaintiff also makes this argument in his brief. The effect of such an interpretation would create two classifications or divisions for "domestic animals." We find no authoritative basis for such an additional classification.
We hold that the trial court was in error in its conclusion that the term "domestic animals" was ambiguous. The plaintiff's cow was a "domestic animal" under the exclusionary provisions of the policy, thus the trial court judgment must be reversed.
For these reasons, the judgment of the trial court is reversed and it is now ordered that the plaintiff's suit be dismissed. All costs in the trial court as well as the costs of the appeal are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.