No. 2623.—J. N. SHAWHAN *v.* J. J. CLARKE.

A person owning a horse and buggy is not responsible to another for the damage caused by his horse running away with the buggy and running against another horse and buggy, if the running away of his horse was not caused by his carelessness or negligence, but was caused by some other person or agency over which he could exercise no control.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley,* J. *Hornor & Benedict,* for plaintiff and appellee. *Budd & Grover,* for defendant and appellant.

HOWELL, J. Plaintiff claims one thousand dollars as the value of a horse which died of injuries inflicted by a buggy and horse belonging to the defendant, and through his negligence. The defendant, besides the general issue, averred that at the time his team was properly secured and attended to, and that a runaway horse and buggy came into collision with his, breaking his buggy and causing his horse to break loose and run.

The evidence shows that each party had placed his horse and buggy not more than twelve or fifteen feet apart in the place allotted for such purposes in the Fair Grounds, and each in charge of a boy or lad—the defendant having his animal also tied to a tree. Not long afterward, and while each of said teams was stationary and quiet, a third party, driving a horse and buggy rapidly, ran against the buggy of the defendant, injuring it and the harness, and causing the horse to break his fastenings, and in the fright ran suddenly against the plaintiff's horse, inflicting a wound with the shaft of the buggy, which resulted fatally.

Under this state of facts the defendant was not guilty of negligence or fault, and he does not, therefore, come within the application of articles 2315 and 2316 of the R. C. C. His animal was not vicious or unruly, was not running at large, but was fastened with at least ordinary care in the usual place, and where the plaintiff and others had put theirs. The collision produced by the horse and buggy of the third party, as asserted, was well calculated to frighten the defendant's horse, and we do not think he can be held as guilty of negligence or fault in not having a horse that would not act as his did under the circumstances. The striking against defendant's buggy, the breaking

loose of his horse and running against that of plaintiff's, are described as all occurring so suddenly and quickly that the persons nearest by could not prevent the injury complained of. The unknown driver of the horse and buggy which struck defendant's seems to have been the cause of the disaster, and the defendant, it seems, endeavored to discover this person without success.

This case does not come within the provisions of article 2321 R. C. C. cited by plaintiff's counsel.

It is therefore ordered that the judgment appealed from be reversed, and that defendant have judgment in his favor with costs in both courts.

Rehearing refused.