LAND, J.
Plaintiff represents that, on or about October 18, 1903, while lawfully on the public street and passing in front of defendant’s residence, he was attacked and severely bitten by a large, vicious dog, belonging to defendant or some member of his family. Plaintiff further represents that he was without fault, and that defendant was negligent in keeping such a dog in his custody and in not having his gate fastened or having the dog securely chained.
Plaintiff sued for $2,100 damages, alleging that he had incurred liability for medical attention and for medicines in certain sums, and also suffered greatly, and his damages for personal injuries amount to $2,038.55.
*294 The defendant pleaded the general issue, and specially denied that the dog was vicious, averring, on the contrary, that the animal was of gentle and kind temper, and mild by nature and breed, and had never previously attacked anybody, and had never given defendant occasion to suspect that he would bite. The answer further avers that the dog did not belong to defendant, but had been left in his charge by a ship captain, who represented that the animal was gentle and kind; that defendant’s daughter, a little girl, led the dog home from the ship the first day she met him; and that he, at the date of the alleged attack, had only been in ■defendant’s possession three days.
The cause was tried before the ■ district judge, who rendered judgment in favor of the plaintiff for $500. Defendant appealed, and the appellee has, as is usual in such cases, prayed for more damages.
The evidence shows that the dog referred to, a red Irish setter, did on October 19, 1903, attack plaintiff as he was passing along the street in front of defendant’s residence, and, throwing him down, bit him severely on the thigh. The dog leaped the hedge fence in ■order to make this assault, which seems to have been without provocation.
As to the disposition of the dog, the testimony of several witnesses for plaintiff tends to show that the actions of the animal were such as to create fear for personal safety. Thus the driver of the ice wagon said:
“When I hollered ‘ice,’ and opened the door, the dog run at the gate, and I jumped on the wagon.”
The baker’s boy testified that the dog would jump over the hedge and come right at you. The butcher boy, without entering into details, expressed the opinion that defendant’s “red dog” was “very vicious.”
Defendant testified that the dog was mild and gentle, and was the playmate of his children. The animal had been in defendant’s possession five or six days prior to October 19, 1903. He was keeping the dog for one Oapt. Ophover, the owner, who was absent. Shortly after October 19, 1903, defendant sent the dog to a friendis house, because threats were made to shoot the animal, and has never seen him since. Oapt. Ophover died in May, 1904, prior to the trial below. At that time the dog was presumably in the possession of the friend to whom he was intrusted or given in October, 1903. Defendant adduced no witness but himself to prove the disposition of the animal. Defendant’s knowledge of the dog was limited to the casual observation of five or six days. Defendant adduced no evidence to contradict the testimony of several witnesses for the plaintiff to the effect that the dog had on several occasions made hostile demonstrations against persons calling or passing.
That the dog in question made a vicious attack on plaintiff is not disputed. The animal may have been kind and gentle to defendant and family, and at the same time vicious towards strangers.
Defendant relies on the Martinez Case, 106 La. 368, 30 South. 901, 55 L. R. A. 671, 87 Am. St. Rep. 306. Article 2321 of the Civil Code declares that “the owner of an animal is answerable for the damage he has caused.”
The Martinez Case holds that the owner of a dog, which bites a person, is not responsible in damages, where it is shown that the animal “has always been of kind temper, and has never attempted to bite any one, and has never given occasion to suspect that it would bite.” After citing 20 Laurent, 675, the court in that case said:
“While the least act of negligence should be enough to hold one liable who owns a dog, yet it must appear there must be some negligence, however slight.”
According to the text of Laurent, the owner of an animal will not be declared responsible. “Lorsqu’il n’a eommis aucune espece de negligence et qu’il n’a pu ni prevoir ni *295 empecher l’aecident dammageable.” According to the same writer the law presumes that the owner of the animal is in fault, and the burden of proof is on him to show that he was without the slightest fault and did all that was possible to prevent the injury. Laurent gives as an example the ease of a gentle horse frightened beyond control by unusual noise in a street. This same doctrine was announced in Shawhan v. Clarke, 24 La. Ann. 390, where the running away of a horse was caused by a third person recklessly driving his vehicle against the buggy of the defendant.
Laurent says that the question whether the legal presumption of fault on the part of the owner can be rebutted by proof that he was without fault was a subject of controversy among the commentators, but that the doctrine has been recognized in the jurisprudence of Prance.
We do not think that the defendant has rebutted the legal presumption of fault on his part. The actions of the dbg stamped him as a dangerous or vicious animal, disposed to assail, without provocation, persons passing along the street in front of defendant’s residence. It has not been shown here, as in the Martinez Case, that the dog has always been of a kind temper, has never attempted to bite any one, and has never given occasion for the suspicion that he would bite. Defendant has no knowledge of the previous life of the animal, nor of his disposition, beyond the casual observation of a few days. During that brief period the dog, if we may believe the testimony of several witnesses, manifested a disposition to attack persons calling on business or passing along the street. Defendant does not appear to have taken any notice of these hostile manifestations, or to have taken the precaution to confine the animal to the premises until it could be ascertained that it was safe to permit him to run at large.
We are told on good authority that it is the nature of dogs “to bark and bite,” and: the owner who assumes that a strange dog will not bite, and on that assumption permits-the beast to run at large, is guilty of some degree of negligence.
The award of damages is assailed as excessive in amount. The evidence shows an actual pecuniary loss of $181.45 by reason of' medical expenses and loss of time. This leaves about $300 as compensation for pain, and suffering. As to this latter element of damage there is no standard of measurement. The sound discretion vested in the-trial judge to fix the amount does not seem to us to have been abused. To be attacked,, thrown down, and bitten by a dog is not a. trivial injury.
Judgment affirmed.