February 6, 1911.

————————o————————

5123.

(Court of Appeal, Parish of Orleans.)

MARIE LADRIX, WIDOW OF GUILLAUME LATOUR vs. L. DI MAGGIO.

1. One who owns or keeps a vicious or dangerous dog, knowing it

— 167 —

to be such, is bound at his peril to keep him safe from injuring innocent parties.

2. It is not necessary in all cases, in order to show the vicious or dangerous character of a dog, to prove that it had previously bitten or attacked some one, but other facts and circumstances may be considered.

3. Where the person attacked or bitten is without fault the burden of proof is on the owner to show that the dog had always been of a gentle disposition and had never attacked or bitten anyone, or given occasion to suspect that it would do so.

4. Where, however, it is shown that the dog had always been of a kind temper, gave no indication of viciousness, and did not appear to be dangerous, the owner is not to be held as being at fault by the mere fact that the dog was not confined. There is no liability unless there be some fault, but the least fault is sufficient.

Appeal from the Civil District Court, Division "A."

Clegg Quintero & Gidiere for plaintiff and appellee.

J. A. Charbonnet, Harold A. Moise for defendant and appellant.

ST. PAUL, J.—Plaintiff brings this suit to recover damages resulting from having been attacked and bitten by two dogs which she claims belonged to defendant.

The evidence shows that at the time of the occurrence, and for some time previous thereto, both dogs were in the possession of the defendant and were generally known as his.

For the purpose of this suit the dogs may therefore be considered as belonging to defendant, even though there is some evidence tending to show that another party had some claim entitling him to one of them. (See Bentz vs. Page, 115 La. 560, where the dog although in the possession of defendant, was shown to be the property of a friend, yet defendant was held to be liable.)

The evidence further establishes that plaintiff was attacked and bitten on the public street just across from defendant's home, and without fault on her part. The attack was sudden, unforeseen and quickly over, defendant being nearby and calling off the dogs at once; after which he assisted plaintiff to her home a few steps away. Although the bite itself was not of a serious nature, nevertheless the shock to plaintiff's nervous system resulting from the scare she received, and her fear of consequences, was such as to result in her being quite ill for some weeks after the occurrence.

If the liability of the owner of a domestic animal for the injury done by the latter were absolute and unqualified, plaintiff's case would be fully made out and such as to warrant our affirming the judgment of the district court which was in her favor and for the sum of three hundred dollars.

But the jurisprudence, as laid down by our court of last resort sanctions not this principle.

In **Delisle vs. Bourriague, 105 La. 83,** the Court said:

"We are not inclined to go to the extent that it is of no consequence, in determining the liability of the owner, whether or not he had knowledge of the vicious propensities of his animals."

And again at page 84:

"In all the cases in our jurisprudence to which we have referred there was some fault for which the owner was responsible:"

And still further on:

"There can be no responsibility where there is not fault."

In **Martinez vs. Bernard, 106 La. 369,** it was said:

"The owner it is true, is liable for damages caused by his animal, but to render him liable it is neces-

sary to prove that he was in some way negligent or that he did not prevent the injury when it was reasonably to be expected that he should have prevented it."

And again at page 370:

"Whilst the least act of negligence should be enough to hold one liable who owns a dog, yet it must appear that there was some negligence, however slight."

The doctrine above stated was again approved in **Bentz vs. Page, 115 La. 562**, though applicable to the facts of that case.

In an earlier case, **Montgomery vs. Koester, 35 An. 1091**, the nature of the liability of the owner was thus stated:

"The rule of our law, as well as the common law, is that he who owns and keeps a dangerous animal, knowing it to be such, is bound at his peril to keep him safe from hurting innocent persons, and if, for want of sufficient care, the animal escape and do injury, the owner is liable. The **scienter** may be established without the necessity, in all cases of proving prior cases of injury."

In **Bentz vs. Page, 115 La., 560**, the rule was extended so as to put upon the owner the burden of proving the kind temper of his animal, a rule based upon sound principles of evidence, the burden of proof resting always upon him within whose knowledge the facts peculiarly lie. Said the Court:

"It is necessary for the defendant to show that the animal had always been of a kind temper, had never attempted to bite anyone, and had never given occasion to suspect that he would bite; and failing to do so the law presumes that the defendant

was in fault in not confining the animal."

On the other hand it was held in **Martinez vs. Bernard, 106 La., 369** that,

> "The owner of a gentle animal which has never attempted to bite anyone, and has never given occasion to suspect that it would bite, is not liable in damages by the mere fact that the animal has bitten some one. Unless there be some fault, light as it may be, liability does not arise."

And the same authority holds that in the case of such an animal the owner is not to be considered at fault from the mere fact that the animal is loose upon the public street. Said the Court:

> "A peaceful dog may rightfully be in front of the store of its owner; at any rate an owner cannot well be charged with neglect, if his dog, which has never been known to be otherwise than gentle and kind, finds its way to the sidewalk in front of his place of business."

As will readily be seen there is not the slightest conflict between these cases; on the contrary, taken together they establish a complete and entirely harmonious doctrine as to the liability of owners and keepers of dogs, which may be summed up as follows: 1. One who owns or keeps a vicious or dangerous dog, knowing it to be such, is bound, at his peril, to keep him safe from injuring innocent parties; 2. It is not necessary in all cases, in order to show the vicious or dangerous character of a dog, to prove that it had previously bitten or attacked someone, but other facts and circumstances may be considered; 3. Where the person attacked or bitten was without fault, the burden of proof is on the owner to show that the dog had always been of a gentle disposition, and had never attacked or bitten anyone, or given occasion to suspect that it would do so; 4.

Where, however, it is shown that the dog had always been of a kind temper, gave no indication of viciousness, and did not appear to be dangerous, the owner is not to be held as being at fault from the mere fact that the dog was not confined. There is no liability unless there be some fault, but the least fault is sufficient.

Applying the principles to the case at bar, we find that plaintiff's case has not been made out. There is no evidence in the record that defendant's dogs had ever bitten or attacked anyone previous to this occasion. The mere fact that they were bull dogs, or bull-terriers, about a year old, and fifteen inches or so in height, does not of itself and alone suffice to show that they were vicious or dangerous; at least there is no evidence that such is the case and we do not know it of ourselves. Nor do we feel justified in reaching that conclusion from the fact that the dogs once chased a goat, and at another time killed in a fight a strange dog which had intruded into what was practically defendant's own inclosure.

On the other hand there are a number of witnesses, some of whom, at least, appear to be wholly disinterested and trustworthy, who all testify that the dogs had always been gentle and friendly even to strangers, and had never been known to molest anyone.

As to the alleged admission of liability by defendant immediately after the occurrence, there is a conflict of testimony, and the most that we may safely conclude on that subject, in the light of surrounding circumstances, is that defendant, as a neighborly act, and because the dogs were his, did offer to have a physician called in at his expense, which offer does not appear to have been accepted.

We do not think that under the jurisprudence, as established, plaintiff can recover in this suit, and the

judgment of the district court must therefore be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that there be judgment in favor of the defendant, Leopoldo Di Maggio, and against the plaintiff, Marie Ladrix, widow of Guillaume Latour, rejecting her demand at her costs in both courts.

February 6, 1911.

Rehearing refusd, March 6, 1911.