HATCHER v. BURLETT ET AL.

———

(January 21, 1929.   Opinion and Decree.)

———

P. R. Livaudais and Wm. Boizelle, of New Orleans, attorneys for plaintiff, appellee and appellant.

Buck, Walshe & Buck, and Frank W. Magne, of New Orleans, attorneys for defendant and appellant, Pasquale Tarantino.

Jos. Rosenberg, of New Orleans, attorney for defendant and appellee, George B. Burlett.

WESTERFIELD, J. Plaintiff, a negro woman, was standing on the neutral ground, at the intersection of North Rampart and Gov. Nichols streets, waiting for a street car, when she was struck and injured by an automobile driven by the defendant George B. Burlett.

The defendant Terantino, it is alleged, was the owner of a mule which, at the time of the accident, was running away, and either bumped into or crossed the path of Burlett's automobile, causing Burlett to be forced upon or to drive upon the neutral ground and strike plaintiff. Burlett is charged with negligence, in that he was driving too fast, and in permitting his attention to be engrossed by a lady passenger, to whom he was talking at the time of the accident.

Terantino's responsibility is based upon his ownership of a dangerous animal, which was negligently permitted to escape from the stable lot and run unattended on the public streets.

The trial court absolved Burlett and held Terantino responsible for the accident, awarding judgment against him in the sum of $400.

There is the usual conflict of evidence in the record. Burlett and two witnesses, who were passengers in his car at the time, testified that the mule ran into his car, striking it violently and knocking it upon the neutral ground, causing it to strike the plaintiff before its movement could be stopped. Other witnesses say that the mule did not touch Burlett's car at any point, and the driver of the mule, employed by Terantino, testified that there were no marks on the mule's body, as there would have been, if the accident had been caused in the manner stated by Burlett, for it is unreasonable to suppose that the mule could have struck the automobile with sufficient violence to knock it out of its course without injuring the mule. Moreover the mule continued to work in harness after the accident as efficiently as it had performed prior to the accident.

We are satisfied that the accident was caused by the runaway mule, and are of the opinion that it is immaterial whether he ran into Burlett's automobile or not, for the reason that it is manifest from the record that, if the mule did not run into the automobile, his crossing the path of the car created a situation of emergency, which caused Burlett to run upon the neutral ground in an effort to avoid striking the mule; consequently the mule was to blame and was the proximate cause of the accident resulting in the injury of plaintiff, whether it struck the automobile or not.

We believe the judgment dismissing the suit as to Burlett is sustained by the evidence.

As to Terantino, his counsel strenuously denied that he was guilty of any negligence, and that, if the mule may be said to have caused the accident, the damage suffered by plaintiff was a risk assumed by her as a citizen in a community where domesticated animals are in common use. Zambelli vs. F. Johnson & Son Co., 115 La. 487, 39 So. 501.

We are referred to Martinez et al. vs. Bernhard, 106 La. 368, 30 So. 901, 55 L. R. A. 671, 87 Am. St. Rep. 306, where it was held:

"The owner, it is true, is liable for damages caused by his animal; but, to render him liable, it is necessary to prove that he is in some way negligent, or that he did not prevent the injury where it was reasonably to be expected that he should have prevented it."

In Shawhan vs. Clarke, 24 La. Ann. 390, it was held that:

"A person owning a horse and buggy is not responsible to another for the damage caused by his horse running away with the buggy and running against another horse and buggy, if the running away of his horse was not caused by his carelessness or negligence, but was caused by some other person or agency over which he could exercise no control."

In Moore vs. Edison, etc., Co., 43 La. Ann. 792, 9 So. 433, it was held that:

"A person is answerable for his negligence only so far as it is the natural and proximate cause of the injury, and not when the consequences arise from a conjunction of his fault with circumstances of an extraordinary nature."

In all the cases cited by counsel for Terantino, the court held that there was an absence of negligence, or an extraordinary occurrence, which could not reasonably be anticipated. In the case at bar, the evidence convinces us of the negligence of defendant's employee. To begin with, the presumption is that the owner is at fault, and the burden is on him to show that he is without fault and did all that he could to prevent the injury. Bentz vs. Page, 115 La. 560, 39 So. 599.

The manner in which the mule escaped from the stable yard is explained by the witness, Swan, Terantino's stable man and driver. Swan testified that he was in the act of raising the shafts of a wagon for the purpose of harnessing the mule, when it became frightened and ran off through the open stable gate. He does not claim that the animal was refractory or that it had been frightened by some unusual explosion or loud noise, but that simply in his customary manner of harnessing the mule it became frightened and ran away. We consider that Swan was negligent in attempting to harness the mule with the stable gate open (he admits he knew it was open) and without being in a proper position to control the animal in the event of its taking fright during the process of harnessing. We think the law is properly stated in Shearman and Redfield, Law of Negligence, p. 1659, sec. 629, where the case of Zambelli vs. Johnson & Son Co., 115 La. 483, 39 So. 501, is cited among other cases in support of the text, which reads as follows:

"The owner of any kind of animal, whether it be wild or tame, is chargeable with notice of its generic disposition to stray and liability to take fright. If its size and speed are such as to make it dangerous under such circumstances, the owner is bound to use ordinary care to keep it from straying; and if he neglects to do so, he will be liable for injuries committed by it while straying, which he ought, in prudence to have foreseen as likely to occur. For this reason, the owner of a horse is liable for damages done by it in running away, if he had not used due diligence to prevent its escape."

See, also, Karstendiek vs. Jackson Brewing Co., 123 La. 346, 48 So. 958; Decker vs. McSorely, 111 Wis. 91, 86 N. W. 554.

In Trenchard vs. N. O. R. & L. Co., 123 La. 36, 48 So. 575, a suit not unlike the case at bar, the court said:

"This judgment we must affirm as against the owner of the horse. Article 2321, Civ. Code, provides that:

" 'The owner of an animal is answerable for the damage he has caused.'

"Conceding, for the argument, that this article is not to be taken literally, but merely as establishing a presumption of

fault on the part of the owner of the animal, such as he may rebut by proof of entire absence of negligence on his part, the defendant in this case, who left his horse unhitched and unattended in the street, is not entirely blameless, no matter how much the animal may have been accustomed theretofore to stand when left in that way."

The plaintiff, a woman passed middle age, was rendered unconscious by the accident, suffered contusions of the left knee and side, cuts back of her ear, and was confined to her bed for three weeks under the care of a doctor, who made several calls. She was about the house two weeks longer, and suffered with her knee for some little time thereafter, and was obliged to wear a knee-cap some six months after the injury. She was earning $7 a week as a washerwoman, and lost several weeks' pay. Under the circumstances, the award of $400, as fixed by the trial court, is correct.

For the reasons assigned, the judgment appealed from is affirmed.