No. 982

First Circuit

DEMARCO v. GOBER

(March 8, 1932. Opinion and Decree.)

Rownd & Warner, of Hammond, attorneys for plaintiff, appellant.

B. M. Harvard, of Hammond, attorney for defendant, appellee.

MOUTON, J. A mule valued at $125 ran into an automobile, which Gober, defendant, was driving on the highway between Hammond and Ponchatoula. In the collision, the mule was killed.

Plaintiff, owner of the mule, sued defendant for its value, who reconvened, claiming damages for injury to the auto he was driving, and for personal injuries.

The demand of plaintiff was rejected, and judgment was rendered in favor of defendant for $98 on his reconventional demand.

Plaintiff appeals, and, as usual, defendant is asking for an increase in the amount allowed him in reconvention.

Defendant was traveling at a rate of speed not exceeding 30 miles an hour, which was not excessive. This fact is established by the testimony of defendant and F. B. Cowan, deputy sheriff of Tangipahoa, who was traveling northward in the same direction with the defendant at the time, and was at a distance of about 150 feet from defendant's auto when the collision occurred.

It appears from the evidence of defendant and Cowan that the mule suddenly dashed from a lane into defendant's pathway, then ran north a short distance, turned south, and ran into defendant's car.

It is shown by defendant and Cowan that defendant did not have time to apply his brakes or to turn to his left so as to avoid the accident, which was clearly unavoidable.

The demand of the plaintiff for the value of the mule was therefore properly rejected.

The vital issue presented for solution is in reference to the damages allowed against plaintiff, in reconvention. It is to this question that we shall direct our attention.

In the case of Damonte v. Patton, 118 La. 530, 43 So. 153, 154, 8 L. R. A. (N. S.) 209, 118 Am. St. Rep. 384, 10 Ann. Cas. 862, where a runaway horse had run against a street car, the court said:

"The law is 'that the owner of an animal is answerable for damage he has caused' (Civ. Code, art. 2321); and the presumption is that the owner of the animal is in fault, and the burden is on him to show that he was without the slightest fault and did all that was possible to prevent the injury."

In the case of Bentz v. Page, 115 La. 560, 39 So. 599, where plaintiff had been bitten by a dog and was suing for the damages resulting therefrom, the court applied the doctrine above quoted from Damonte v.

Patton, 118 La. 530, 43 So. 153, 8 L. R. A. (N. S.) 209, 118 Am. St. Rep. 384, 10 Ann. Cas. 862.

In Bentz v. Page, 115 La. 560, 39 So. 599, 600, the court referred to the leading case on this subject, of Martinez v. Bernhard, 106 La. 368, 30 So. 901, 55 L. R. A. 671, 87 Am. St. Rep. 306.

The court, in 115 La., quoted from the Martinez case, as follows:

"While the least act of negligence should be enough to hold one liable who owns a dog, yet it must appear there must be some negligence, however slight."

The law draws no distinction between the animals' the owner may have which cause the damage as the same burden of proof is imposed upon him for relief from responsibility.

As owner, it is presumed that he is in fault, and he must show that he was without fault, but we must be guided by what was said in the Martinez case, as follows:

"It must appear there must be some negligence, however slight."

This ruling in the Martinez case was based on what is said by Laurent, vol. 20, p. 695, in the following language:

"Le proprietaire d'un animal ne saurait etre declaré responsable du dommage lorsqu'il n'a commis aucune espece de negligence et qu'il na pu ni prevoir ni empecher l'accident dommageable."

It is said in that quotation that the owner cannot be responsible where he has not been guilty of any negligence which justified the ruling in the Martinez case, where the court says, to hold him liable "it must appear that there was some negligence, however slight."

The quotation from this French commentator, after saying the owner is not re-sponsible if he has not been negligent, continues as follows:

"And was not able to foresee nor prevent the damaging accident."

In the case of Shawhan v. Clarke, 24 La. Ann. 390, where plaintiff had been injured by a runaway horse and buggy, the court held defendant was not liable "if the running away of his horse was not caused by his carelessness or negligence, but was caused by some other person or agency over which he could exercise no control." This doctrine was approved in Zambelli v. Johnson & Son Co., 115 La. 483, 39 So. 501.

In Shawhan v. Clarke, 24 La. Ann. 390, above cited, it was recognized, as it was in the Martinez case, that the owner, to be held responsible, must have been careless or negligent, which is in keeping with the doctrine announced in the quotation from Laurent.

In the 24 La. Ann., the ruling is extended further and relieves the owner of liability where the damage is caused by some "agency over which he could exercise no control." This latter expression of the court is in harmony with the French commentator where he says the owner cannot be held when he could neither foresee nor prevent the accident.

The proof shows that the mule dashed suddenly out of a lane from the east side of the highway running across towards the west when it turned northward, and then came back southward and ran into defendant's auto, which was moving northward. There is no evidence whatsoever showing that mules, horses, or cattle are prohibited by ordinance of the police jury or other authority from roaming at large on the highways of the parish of Tangipahoa in the Seventh ward in which the accident

occurred. Plaintiff cannot therefore be held to have been at fault because his mule, on that occasion, had gone on that highway. There is certainly no proof that plaintiff had the mule under his control at the time, and permitted it to rush from the lane into the highway. In that respect he cannot be held to have been guilty of the slightest negligence or fault.

Plaintiff, the evidence shows, was standing on the east side of the highway north of the place when the mule ran into the highway dashing across to the west side. In referring to this position of the plaintiff, who defendant says was standing in the path of the mule, counsel for defendant in his brief, says, if plaintiff had not thrown up his hands and made the mule turn directly into the path of defendant's car, the accident would not have happened. Counsel says the mule evidently saw the car, and tried to go north. In this, counsel is correct, as we understand the evidence. Counsel says, plaintiff was standing north of the mule and threw up his hands. In testifying on this subject, Genero, witness for plaintiff who saw the occurrence, says the mule was running "pretty fast" northward; that he shouted to plaintiff, Demarco, who threw up his hands.

Gober, defendant, says that plaintiff waved his hands at the mule. There can be no doubt from the evidence, to which we have referred, that he threw up his hands when he heard the shouting from Genero.

Evidently plaintiff saw the mule advancing on him at a rapid gait, and naturally, without having time to think, threw up his hands. This was obviously a natural, prompt, and unpremeditated movement which, it is certain plaintiff could hardly have explained. Plaintiff, in thus acting, cannot be charged, in the slightest degree, with either fault or negligence. It is this throwing up or waving of his hands which defendant contends caused the accident. In all probabilities that is what brought it about, because otherwise the mule would probably have continued northward or would perhaps have taken a westward course, thus avoiding the collision. That is all true, but in raising or waving his hands, which was the cause of the collision, plaintiff was not negligent in the slightest degree, and is not responsible in damages under the authorities above cited.

He could certainly not have foreseen the accident under the circumstances, nor could he have prevented it, and must be absolved from responsibility under the doctrine in Laurent, above cited.

The accident was caused by an agency over which plaintiff, at the time, "could exercise no control," and must be exonerated from liability, under the ruling in Shawhan v. Clarke, 24 La. Ann. 390.

It is very probable that if plaintiff had not thrown up his hands the mule would have continued on his way northward or would have deviated his course in such a manner as to have avoided the collision. This is true, but we must bear in mind, that a sudden emergency was presented to plaintiff and that he threw up his hands before he had time to reflect and to take in the existing situation. It is possible that he made a mistake in raising his hands, and the safer course would have been for him to have opened the way for the mule to pass. As plaintiff was confronted with a sudden emergency, he cannot be held negligent, though he might not have chosen the wisest course under the circumstances. Martin v. Cazedessus, 15 La. App. 100, 130 So. 129.

This rule has been recognized in many cases, which it is unnecessary to cite.

The occurrence was the result of a pure accident, without fault of either plaintiff or defendant, in which the mule happened to be the unfortunate victim.

The judgment granting damages against plaintiff in reconvention must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment in reconvention against plaintiff be avoided, annulled, and reversed, and that the claim for damages by defendant in reconvention be denied and rejected, and, in other respects, the judgment be affirmed; defendant to pay all costs incurred on the reconventional demand, and the cost of this appeal, plaintiff to pay the cost below on the main demand.