## GAYDEN v. DIAZ.
### No. 15016.

Court of Appeal of Louisiana. Orleans.
Jan. 7, 1935.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, Harry Nowalsky, and Geo. M. Leppert, all of New Orleans, for appellant.

Johnston Armstrong, of New Orleans, for appellee.

JANVIER, Judge.

Robert L. Diaz owns an automobile truck with which he is engaged in the trucking or hauling business under the trade-name Diaz Transfer Service. On September 26, 1933, he undertook to transport for hire Reuben Gayden and a party of Gayden's friends from New Orleans to Felixville and return. Late that night, on the return trip, while Diaz was at the steering wheel and Gayden was riding in the rear, or body portion of the truck, the vehicle was suddenly swerved to the right partially into a small ditch alongside the road. It was almost overturned, and Gayden received physical injuries. Claiming that the accident was the result of carelessness of Diaz, he seeks judgment against the latter in the sum of $266.75.

Relying, apparently, on the doctrine of res ipsa loquitur, Gayden makes no specific charges of negligence on the part of Diaz, contenting himself with the general allegation that Diaz "so negligently and carelessly drove the said truck that it overturned in a ditch, causing serious injury to plaintiff."

Defendant denies that he was negligent in any way, and seeks to show that a cow, which had been alongside the road, suddenly darted out of the darkness and ran across the roadway into the path of the truck, and that he (Diaz), in the emergency which was thus created, did what appeared to him best, and turned the truck slightly to the right, hoping to pass partially upon the shoulder of the road by means of a small bridge which spanned the ditch paralleling the course of the truck.

He asserts that he was not proceeding at an extraordinary speed and that he had no reason to anticipate that the cow would suddenly run across the road.

By way of reconventional demand, Diaz seeks judgment against Gayden for $5, alleging that the latter has not paid him in full for the use of the truck and that that amount is still due under the contract.

In the court below, there was judgment for plaintiff for $166.75, and the reconventional demand was dismissed. Defendant has appealed.

Although plaintiff's wife, who was seated on the front seat alongside the driver of the truck, states that, in spite of the fact that she was looking ahead, she saw no cow, we conclude that the animal must have been present because it was seen by several other eyewitnesses and by Diaz, the driver of the truck.

Defendant relies on the doctrine that it is not actionable negligence when one, in a sudden emergency in the creation of which he

has had no part, does an act which causes damage, if the act was one which was not plainly wrong and which appeared to be the best thing to do under the circumstances. This doctrine is well established and is not questioned by plaintiff, who, however, maintains that it is not applicable here because, so plaintiff asserts, the cow did not suddenly dart in front of the truck, but walked, if it was there at all, slowly and deliberately from one side of the roadway to the other, and thus afforded Diaz ample opportunity to notice it and to stop his truck had he been on the alert and had the truck been proceeding at a moderate speed.

Defendant states that his truck was a new one and that its headlights were bright, and we also note from his testimony that just before the accident he had noticed several other cows along the roadside. The fact that other cows had been noticed should have made him particularly careful and watchful, and, had he exercised care and watchfulness, his bright lights would have disclosed to him the cow in ample time to have afforded him an opportunity to stop, unless the cow was running.

Since our brother below found defendant at fault, he must have concluded that the cow's presence should have been discovered sooner; in other words, that it must have been walking and that it did not dart out of the darkness and suddenly appear in front of the truck. This is a question of fact, and one on which we feel that great weight should be accorded to the conclusion of the trial judge. In the testimony of one of defendant's witnesses, we note the following: "Q. Will you tell me if the cow was running across the road or was it walking across the road? A. Walking, walking slowly like cows generally do. If you've seen cows on the highway, you know they never hurry."

This characteristic of cows is so well known that it is much easier to believe such a statement than to accept as true the other version, that the cow "darted" or "ran." At any rate, we are unable to say that the conclusion reached in the court below was manifestly erroneous.

The facts of this case clearly distinguish it from Demarco v. Gober, 19 La. App. 236, 140 So. 64, 65, for there "the mule suddenly dashed from a lane into defendant's pathway. * * *"

While plaintiff's injuries were not serious, they were sufficient to entitle him to the amount awarded below, $166.75.

The evidence on the reconventional demand does not sufficiently preponderate in favor of plaintiff in reconvention to permit us to say that, when the trial court rejected the claim for $5, which is claimed to be due under the contract of hire, he committed manifest error.

The judgment appealed from is affirmed.

Affirmed.