This is a suit for damages growing out of the killing of a horse. It became necessary to have the horse killed after its right hind leg had been broken when it collided with an automobile driven by Miss Beulah LaFleur, one of the defendants herein. The horse was owned by the plaintiff, Henry B. Fontenot, who valued it at $150.
The accident which resulted in the fatal injury to the horse took place on Sunday morning, August 25, 1940, when Miss LaFleur was driving her mother's automobile home from church. In the car with her were her young sister and brother, Roger and Lucille LaFleur, and her sister-in-law, Mrs. Rodney LaFleur.
In his petition plaintiff charges Miss LaFleur with "negligent, wanton, careless and malicious driving" of the automobile and thereby running into and hitting his horse, which was grazing on the public road at the time. He avers that because of its loss he was unable to attend to some business on the Tuesday following the accident which he would otherwise have performed and by reason thereof sustained further damages in the sum of $5. His total demand therefore is for the sum of $155, and he accordingly prays for judgment in that amount against Miss Beulah LaFleur, and against her mother, Mrs. Albert Manuel LeFleur, in solido, with interest and costs.
For answer to the plaintiff's petition the defendants admit that there was an accident on the date alleged, in which plaintiff's horse sustained a broken leg, but deny any negligence or carelessness on the part of Miss LeFleur in driving the automobile at the time. They aver, on the contrary, that she was driving on an ordinary dirt road at a very slow rate of speed, and upon noticing the horse grazing on the side of the road, with its head over the fence of an adjoining field, she blew the horn of her car as a warning of her approach; that the animal paid no heed to the blowing of the horn, so she proceeded more slowly and as the car reached the point in the road opposite to where the horse was, it suddenly swirled around and *Page 480 
struck its right rear leg against the bumper of the automobile.
The case was tried before the district judge who, after hearing the witnesses testify, reached the conclusion that Miss LaFleur was not driving the automobile recklessly or carelessly and that she was not at fault for the injury resulting from the accident. He accordingly dismissed the plaintiff's suit, whereupon this appeal was taken.
The witnesses who testified as having seen the accident were Miss Beulah LaFleur, Mrs. Rodney LaFleur and a negro woman named Essie Dick who lived in a house situated about one arpent from where it happened. Both Miss LaFleur and Mrs. LaFleur testified that the car was moving very slowly as indeed it had to, because they were on a narrow dirt road which was very rough and full of ruts. Sheriff Parker Fusilier, who investigated the accident and who was called as a witness by the plaintiff, corroborated their testimony to this extent by saying that the car could not have been going very fast "considering the condition of the road" which he described as a very narrow lane or dirt road with ruts in it.
Miss LaFleur stated that when she first saw the horse she blew the horn of her car and reduced her speed to about eight or ten miles per hour. She was then about ten to fifteen yards away from the animal which was grazing on the side of the road to her left, eating grass in a field along the edge of the road and had its head over the fence which separated the field from the road. As she got even with it, the horse became frightened, whirled around and jumped into the car, its right hind leg evidently getting entangled in the bumper or between the bumper and the radiator. Mrs. Rodney LeFleur corroborated Miss LaFleur's testimony almost in detail and it is only contradicted by that of the colored woman, Essie Dick, who claimed to have seen the accident when she was looking into a window or transom of her house situated some three hundred feet away. This last witness stated that the car was going "pretty fast" and that it overtook and ran into the horse which was trotting in the road ahead of it. There are certain discrepancies in the testimony of this witness which give rise to serious doubts concerning her story as to how the accident happened and it seems to have been entirely disregarded by the district judge. He accepted the version as given by Mrs. LaFleur and Miss LaFleur in holding that the latter was not at fault.
In that of Demarco v. Gober, 19 La.App. 236, 140 So. 64, this Court held, in effect, that a motorist is not liable for injuries to an animal which without warning dashed into the road in front of his machine and was hit before the motorist could do anything to prevent it. See also 3 Blashfield's Cyclopedia of Automobile Law, Perm.Ed., page 7, § 1615.
Our review of the record in this case and a careful consideration of the arguments and briefs of counsel convince us of the correctness of the judgment appealed from, and it is therefore affirmed at the costs of the appellant.