McINNIS, Judge.
Plaintiff filed this suit against defendant Robinson and his wife for damages to his automobile in the amount of $352.40, resulting from a collision with a cow, alleged to belong to the defendants-.
An exception of misjoinder was filed on behalf of Mrs. Robinson and, after trial, the exception was sustained, leaving only the husband as’ defendant.
Defendant filed an answer denying any negligence and alleging that the negligence of the plaintiff was the sole cause of the accident and, in reconvention, he demands $275 for the value of the cow killed.
After trial on the merits, judgment was rendered in the district court, rejecting the demand of plaintiff and rejecting also the reconventional demand of the defendant.
The facts of the case, as alleged and as shown on trial of the case, are that on May 8, 1951, plaintiff was driving east on Highway 13, not.far from Hodge, Louisiana, at about midnight at a speed of about 45 miles per hour, and as he was' driving downhill a short distance from a bridge across Dugdemonia Bayou, a cow, belonging to defendant, ran suddenly from the side of the road on' to the highway and plaintiff was unable to stop his automobile or to avoid striking the cow. The cow was thrown to the left side of the highway and a- stranger stopped and helped plaintiff roll the cow off the highway.
The Police Jury of the Parish of Bien-ville, on July 6, 1931, enacted a parishwide stock law, -prohibiting cattle,-cows, horses, mules, hogs, goats and sheep from running at large and providing penalties against the owners for allowing these animals to run at large.
Defendant in his answer alleges that he has a pasture about %ths of a mile south of the highway where the accident occurred and that he kept his cattle iñ the pasture and maintained, a good wire fence in good repair at all times; that on the north side of the pasture is a gate, which he has. kept securely closed, but that a time or two before this accident happened, fishermen going to Dugdemonia Bayou and returning left the gate open, allowing some of the cattle to get out of the pasture and that he placed a lock on the -gate, but following the accident .found that the wire on the gate had been taken loose and left open so that the cattle could escape from the pasture; that he had no knowledge of this and that it was beyond his control and he was alert at all times and only learned of the opening of the fence after the cow had been killed and that he is without fault under such circumstances.
He then charges that if plaintiff had been' operating his automobile with due care and regard for safety, at a reasonable rate of speed, he could have avoided the collision and that the reckless driving of plaintiff and his failure to keep a proper lookout was the sole cause of the collision with the cow and, by way of reconventional demand, he asks for $275, the value of the cow.
At the beginning of the trial, it was stipulated that $352.40 is the correct amount for repairs of plaintiff’s automobile and that $275 is the correct valué of the cow.
Defendant offered testimony of himself and Mr. and Mrs. Elton Autrey to show that he had locked the gate, however, he posted no signs forbidding trespass on his property; in fact, said he had no objection to people going through the pasture to hunt and '■ fish, provided they kept the gate *808 dosed. He said the gate was locked at the time the cow got out and when asked how she got out, he said the gate was a wire gate fastened to a post and that some wire had been taken loose. He admits that prior to this time some of his cattle got out at times as a result of people hunting and fishing, going through the gate and leaving it. open. He said he did not,.lock the gate until spring when people went to fishing and that he did not keep it locked at all times. He admitted that he knows about the stock law.
The district judge did not assign written reasons for his judgment, however, it is evident from the decree he signed that he found both plaintiff and defendant negligent, because, if either of them .had been free of negligence, the one against whom no negligence was proven would have been entitled to judgment. However, the district judge overlooked the fact that the answer of the defendant contains no plea of contributory negligence, which is a special plea that must be specially set up.
The late case of Raziano v. T. J. James & Co., Inc., La.App., 57 So.2d 251, involves a situation very similar to the one under consideration here, in which an automobile collided with a mule. In the cited case, many other cases, dealing with collisions of automobiles with stock at large on highways are cited and discussed, and dismission of these cited cases here would serve no useful purpose.
 We believe that the facts in this case show that the defendant was rather lax in his efforts to keep his cattle enclosed in the pasture and that this amounted to negligence on his part and that being the case, plaintiff is entitled to judgment under the law, even though he was guilty of negligence that contributed to the happening of the accident for the reason that contributory negligence is not set up as a defense.
In Boudreau v. Louviere, La.App., 178 So. 173, 174, the court held:
“The provision of our [LSA-] Civil Code article 2321, regarding the liability of the owner of an 'animal for the damage caused by it is very plain. That article prescribes that ‘the owner of an animal is answerable for the damage he has caused.’ In construing that provision the Supreme Court has on two occasions, at least, emphasized this liability in placing the burden on ■ the owner of the animal ‘to show that he was without the slightest fault and did all that was possible to prevent the injury.’ ”
Bentz v. Page, 115 La. 560, 39 So. 599, 600; Damonte v. Patton, 118 La. 530, 43 So. 153, 650, 8 L.R.A., N.S., 209; Abraham v. Castille, La.App., 158 So. 650.
For the above reasons, the judgment appealed from is affirmed in so far as it rejects defendant-appellee’s reconventional demand, and in so far as it rejects plaintiff-appellant’s demand it is annulled and set aside and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Dr. Jamie T. Stinson, and against the defendant, J. B. Robinson, Sr., in the full sum of $352.40, with legal interest from date of judicial demand until paid, together with all costs of this proceeding in the lower court and the- costs of this appeal.