SAVOY, Judge.
This action is one sounding in tort instituted by plaintiff, Franklin David Geyen, against one Donald Ray Toussand and his insurer, Travelers Insurance Company; Welton Grace; Adam Grace; and the insurer of Adam Grace, United Public Insurance Company, for a money judgment resulting from an automobile accident which occurred in the City of Lake Charles in the early morning hours of December 22, 1960, when a car driven by Donald Ray Tous-sand, and one driven by Welton Grace, in which plaintiff was a guest passenger, collided, thereby injuring plaintiff.
The instant case was consolidated with three (3) others for purposes of trial, but the instant case is the only one on appeal.
After a trial on the merits, plaintiff was awarded judgment against Welton Grace and Adam Grace, jointly; his demands against Donald Ray Toussand and Travelers Insurance Company were rejected and the suit dismissed as to them. As to United Public Insurance Company, it was placed in conservation under the direction of the Insurance Commission, and it was stipulated among all parties that the judgment against it would be withheld until further proceedings because a stay order had been issued by the 19th Judicial District Court in East Baton Rouge against it.
Defendant, Adam Grace, answered the appeal asking that the judgment be revised so as to dismiss it as to him. This was proper. See Warren v. Fidelity Mutual Insurance Company, (La.App. 1 Cir., 1957), 99 So.2d 382, 383; LSA-Code of Civil Procedure, Article 2133.
The record in the instant case is voluminous and it required several days to try this case and the other related cases.
As is usual in this type of case, there were many inconsistent statements made by some of the witnesses, and a portion of the trial was consumed in reconstructing the case by City policemen who arrived at the scene of the accident after it had occurred. After reviewing the record, this Court is of the opinion that the following reflects the true facts surrounding the accident.
At approximately 12:15 A.M. on December 22, 1960, Donald Ray Toussand was driving a Chevrolet in a southerly direction on Enterprise Boulevard, and had as his guest passenger, the plaintiff. At approxi *117 mately the same time, Welton Grace was driving his vehicle, with some occupants, in a westerly direction on Fournet Street. The evidence reflects that Enterprise Boulevard is the right-of-way street, there being stop signs on Fournet Street. It was a cold night; it had been raining, and the pavement on both streets was damp. As the Toussand car crossed the intersection of Boulevard and Fournet, it struck the right front portion of the car driven by Welton Grace. Plaintiff testified that at the time of the accident Toussand was in his (Tous-sand's) lane of traffic, being the west lane ■of Enterprise Boulevard. The evidence •also reflects that the said Welton Grace was highly intoxicated at the time of the •collision and did not stop for the stop sign at Fournet Street before entering the intersection.
This Court has no hesitancy in finding that Welton Grace was grossly negligent in being highly intoxicated while driving his vehicle and in disregarding the stop sign.
The next matter for determination is whether Toussand was contributorily negligent so as to allow plaintiff, the guest passenger, to recover in the instant case.
The evidence reflects that Toussand had two (2) drinks prior to the accident. After the accident, he was charged with reckless •driving; was tried in City Court and found not guilty.
It is the contention of counsel for plaintiff that Toussand contributed to the ac-cident, and accordingly, should be held responsible in damages to plaintiff for the reason that he was speeding at the time of the •accident. The City policemen who arrived at the scene of the accident, reconstructed the accident for the benefit of the district court, and they were of the opinion that at the time of the accident, Toussand was exceeding the speed limit. The trial judge found otherwise.
After an examination of the evidence, we are of the opinion that Toussand was not driving at an excessive rate of speed, but conceding, for the sake of argument, that he was speeding, that fact was not a proximate cause of the accident.
This Court is of the opinion that the instant case is similar to Fontenot v. Liberty Mutual Insurance Company, 130 So.2d 462, emanating from this Court. The author of that opinion, the Honorable John T. Hood, Jr., discussed the jurisprudence of this State fully, and we think it is decisive of the issues in the instant case.
The district judge, on his own motion and without assigning written reasons, dismissed the suit against Adam Grace prior to a signing of the judgment in the instant case. However, when the judgment was read and signed, Adam Grace was cast as a defendant. The record reveals that Adam Grace was the owner of the car driven by Welton Grace and that Adam Grace was the father of Welton Grace. The record also reveals that Welton Grace was a major at the time of the accident. The record does not reveal that Welton Grace was on a mission for Adam Grace at the time of the accident in the instant case.
The law is well settled that for defendant to be cast in judgment, it must be alleged and proved by plaintiff that the defendant was negligent and that that negligence was the proximate cause of the injuries sustained. Mills v. Heidingsfield (La.App. 2 Cir., 1939), 192 So. 786; Keenan v. Wactor (La.App. 3 Cir., 1961), 130 So.2d 800; and Alfred v. Lee (La.App.Orl., 1954), 71 So.2d 601.
It is also well settled that the owner of an automobile is not liable for damages caused while his automobile is being operated by a third person with his knowledge and consent unless he was present or the third person was his agent, servant or employee and was acting at the time of the accident within the scope of his agency or employment. Martin v. Brown, 240 La. 674, 124 So.2d 904; Hart v. Hardgrave (La.App. 2 Cir., 1958), 103 So.2d 910; Johnson v. Delta Fire & Casualty Company (La.App. *118 1 Cir., 1959), 110 So.2d 215; 35 Tulane Law Review 828; and 21 Louisiana Law Review, 647.
From the facts in the instant case, we are of the opinion that Adam Grace is not responsible in damages to plaintiff in the instant case. The district judge so ruled, and the inclusion of the said Adam Grace as a defendant in the judgment was an oversight on the part of counsel for all parties concerned. While this was a technical error, still we will have to reverse that portion of the judgment so as to relieve Adam Grace of any liability.
The Court will next discuss the matter of quantum.
The medical evidence reveals that plaintiff received severe lacerations about his face and a fracture of the sternum. He was taken to St. Patrick’s Hospital in Lake Charles, where surgery was performed by Dr. Gerald N. Weiss. The operation lasted approximately three (3) hours and plaintiff was administered four (4) transfusions. Numerous sutures were made. Plaintiff was confined to St. Patrick’s Hospital for approximately one (1) week. He was discharged and treated by his physician and was seen by him through the month of June, 1961.
Plaintiff was a school bus driver and was unable to perform his duties for approximately one (1) month. He lost no wages during this time because he was allowed sick leave by the Calcasieu Parish School Board, being in their employ as a school bus driver.
The lacerations left three (3) prominent scars. The attending physician was of the opinion that the disfigurement would be permanent and that it would possibly decrease his chances of employment if he attempted to secure any new position.
It was also shown that the plaintiff was the owner of a small grocery store, and that he expended the sum of $180.00 for wages for a replacement while he was unable to attend to the store duties.
The medical and hospital expenses incurred by plaintiff totaled the sum of $1,849.25.
The trial judge awarded plaintiff damages-for pain and suffering and permanent disfigurement in the sum of $6,000.00 or a total award of $8,029.25. We do not find the award to be excessive or inadequate.
For the reasons assigned, the judgment of the district court is affirmed insofar as it awards plaintiff the sum of $8,029.25 against Welton Grace; and insofar as it rejects the demands of plaintiff against Donald Ray Toussand and Travelers Insurance Company. It is reversed insofar as it decrees Adam Grace to be liable in solido with Welton Grace in the sum of $8,029.25, and judgment is hereby rendered in favor of Adam Grace and against plaintiff, rejecting his demands and dismissing his suit. Costs of this appeal are to be paid by plaintiff.
Affirmed in part, reversed in part and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.